IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUR A. BLUMEYER, III,**
**No. 23274-044,**

      Petitioner,

                        NO. 11-cv-1137-DRH

vs.

**WENDY J. ROAL,**

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's motion for leave to amend or supplement his writ of habeas corpus (Doc. 7) and motion for bail (Doc. 3). Petitioner, an inmate in the federal prison camp at Marion, Illinois, filed his pro se application for writ of habeas corpus pursuant to 28 U.S.C. §2241 on December 28, 2011. He then retained counsel, who has now filed an amended petition (Doc. 10) in accordance with this Court's order of February 17, 2012 (Doc. 9). Petitioner's motion for leave to amend (Doc. 7) is **GRANTED**; the amended petition shall be reviewed.

## Background

Petitioner was convicted in 1994 in the Eastern District of Missouri (Case No. 93-cr-68) of mail fraud (18 U.S.C. §§ 1341, 1346, and § 2), wire fraud (18 U.S.C. §§

1341, 1346, and § 2), conspiracy to commit mail and wire fraud (18 U.S.C. § 371 and § 2), and money laundering (18 U.S.C. §§ 1956, 1957, and § 2) (Doc. 10, p.3). The trial court set aside the jury verdict, and the government appealed. Petitioner's conviction was reinstated by the appellate court (*United States v. Blumeyer*, 62 F.3d 1013 (8th Cir. 1995), and petitioner was sentenced to a total of 262 months. The conviction and sentence were affirmed on direct appeal. *United States v. Blumeyer*, 114 F.3d 758 (8th Cir. 1997). Petitioner filed for post-conviction relief under 28 U.S.C. § 2255 on February 18, 1998, and that motion was denied on March 9, 2001.

Petitioner has filed numerous petitions for habeas relief since that time. These include a previous petition filed in this Court (No. 08-cv-430) in which he raised one of the issues included in the instant petition. He was allowed to proceed with that action, but before the case was resolved, petitioner was transferred out of the jurisdiction of this District. The case was then transferred to the Eastern District of North Carolina (Case No. 10-cv-2059), where it was later voluntarily dismissed by the petitioner on July 29, 2010. He filed another habeas petition in the Eastern District of North Carolina on January 31, 2011 (Case No. 11-cv-2023) raising the same issues for which he seeks review here. However, he was later transferred to Marion and voluntarily dismissed the North Carolina action on December 27, 2011. His later-filed motion to transfer case and motion to set aside remain pending in that action.

**Analysis**

In the instant petition, petitioner argues that his convictions should be vacated in light of the recent Supreme Court decisions in *United States v. Santos*, 553 U.S.

507 (2008), *Skilling v. United States*, 130 S. Ct. 2896 (2010), and *Black v. United States*, 130 S. Ct. 2963 (2010). Although petitioner has previously raised these arguments, no consideration on the merits has yet been completed due to petitioner's various transfers of location within the Bureau of Prisons. Petitioner asserts that his claim is one of those cases where § 2255 does not provide an adequate remedy, and meaningful review is available only through a petition filed under § 2241.

As a general rule, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

An inmate who has had the opportunity for one round of review under § 2255 may only file a second or successive § 2255 motion by first obtaining leave by certification of the appropriate court of appeals that his motion meets one of the listed criteria. 28 U.S.C. § 2255(h). This limitation alone does not render § 2255 an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for

purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner argues that under the recent Supreme Court decisions he cites, the conduct upon which his convictions were based should no longer be considered criminal. These decisions long post-date the 2001 disposition of petitioner's § 2255 motion. It appears that he would be unable to obtain permission to file a second or successive § 2255 motion raising these arguments, because an appellate court may only authorize a second or successive petition filed under § 2255(h)(2) (formerly ¶ 8(2)) where the Supreme Court itself made the new rule retroactive on collateral review. *Ashley v. United States*, 266 F.3d 671, 674-75 (7th Cir. 2001); 28 U.S.C. § 2255(h)(2) (second or successive motion must be certified to contain "a new rule of constitutional law; made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Unless the Supreme Court has itself held that the decisions in *Santos, Skilling,* and *Black* are retroactively applicable to cases on collateral review (which to date it has not done), an appellate court has no authority to permit a successive motion

under § 2255(h)(2).  *Ashley*, 266 F.3d at 673; *see Ryan v. United States*, 645 F.3d 913, 915 (7th Cir. 2011) (Supreme Court has not made *Skilling* rule retroactively applicable to cases on collateral review).  Therefore, it appears that petitioner has indeed raised an "actual innocence" claim that § 2255 is procedurally inadequate to address.  *See Davenport*, 147 F.3d at 610-12 (allowing prisoner (Nichols) to proceed under § 2241 where change in law came after first § 2255 motion had been denied and Supreme Court had not made new constitutional rule retroactive so as to allow a second § 2255 motion to be certified).

Additionally, petitioner disputes that his conduct was criminal under the law as it was understood at the time of his conviction.  In order to fully consider petitioner's arguments, the Respondent shall be directed to answer the petition.

**Pending Motions**

As noted above, the motion to amend petition (Doc. 7) is **GRANTED**.  The motion for bail (Doc. 3) is **DENIED** without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that respondent shall, within **23 days** of receipt of this petition for Writ of Habeas Corpus, answer and show cause why the writ should not issue.  Service of the petition and this Memorandum and Order upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause

is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED**.

Signed this 28th day of March, 2012.

David R. Herndon
2012.03.28
22:50:11 -05'00'

**Chief Judge**
**United States District Court**