IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUR A. BLUMEYER, III,**

Petitioner,

v.

**J.S. Walton,**

Respondent.                                     Case No. 11-cv-1137-DRH-DGW

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is petitioner Blumeyer's motion to alter or amend judgment pursuant to Rule 59(e), FEDERAL RULES OF CIVIL PROCEDURE (Doc. 31). Blumeyer argues *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), "ushers in new considerations that a district court must now apply when faced with actual innocence claims." He requests that this Court re-open judgment and transfer this action to the Honorable Jean C. Hamilton of the Eastern District of Missouri, as Judge Hamilton handled Blumeyer's criminal action and is thus better acquainted with the underlying proceedings than this Court. Respondent has filed an opposition to Blumeyer's motion (Doc. 32).

Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). However, it is well-settled that it is improper "to advance arguments or theories

that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

Blumeyer does not present an argument that compels this Court to re-open this action. On May 28, 2013, three months prior to this Court's denial of Blumeyer's petition, the Supreme Court issued its opinion in *McQuiggin*. In *McQuiggin,* the Supreme Court held, "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin,* 133 S. Ct. at 1928. *McQuiggin* does not change the result in this case. For all the reasons stated in this Court's Order adopting the Magistrate Judge's recommendations, Blumeyer has not demonstrated Section 2255 is, "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), nor has he demonstrated a non-frivolous claim of actual innocence.

Blumeyer further requests that this Court, upon re-opening this action, transfer it to Judge Hamilton; the District Judge who presided over Blumeyer's criminal proceedings. Notably, Blumeyer attempted to bring his instant claims under Section 2241; not Section 2255. *Compare* 28 U.S.C. § 2255(a) ("A prisoner

may . . . move the court which imposed the sentence to vacate, set aside or correct the sentence."), *with* 28 U.S.C. § 2241; *Moore v. Olson,* 368 F.3d 757, 758 (7th Cir. 2004) (proper venue for filing a Section 2241 petition is the district in which the prisoner is confined).

Blumeyer has not presented a reason that would move this Court to re-open his case. Even if he did, he has further failed to cite authority which would enable this Court to transfer his action to Judge Hamilton.

Blumeyer's motion to alter or amend judgment pursuant to Rule 59(e) is **DENIED** (Doc. 31).

**IT IS SO ORDERED.**

Signed this 24th day of September, 2013.

David R. Herndon
2013.09.24
11:47:47 -05'00'

**Chief Judge
United States District Court**